UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 20-20574-CIV-MORENO

MANUEL GARCIA DE PAUL and TAIMAR
FLORES ARMAS,

      Plaintiffs,

vs.

SCOTTSDALE INSURANCE COMPANY,

      Defendant.
_____/

## ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION

THIS CAUSE came before the Court upon Defendant's Removal Status Report **(D.E. 5)**, filed on **February 19, 2020**. THE COURT has considered the status report, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. To begin, the burden of establishing federal jurisdiction falls on the party who is attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Courts strictly construe the requirements of 28 U.S.C. § 1441 (governing removal jurisdiction) and remand all cases in which such jurisdiction is doubtful. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). "Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional requirement." *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).

Here, Defendant attempts to remove the case based on diversity jurisdiction, and alleges

that the amount in controversy requirement of 28 U.S.C. § 1332(a) is satisfied. That statute requires the amount to "exceed the sum or value of $75,000, exclusive of interests and costs." *Id.* Defendant, in its Removal Status Report, recognizes that the insurance claim at issue (for $67,771.33) is less than the $75,000 threshold, but claims nevertheless that "[i]t is expected that with PLAINTIFFS' claimed attorney's fees, costs, and interest, all of which PLAINTIFFS, per their complaint, are seeking to recover in this case, total results in an amount in controversy in excess of $75,000." In its Notice of Removal, Defendant similarly writes that "[i]t is reasonable and expected that PLAINTIFFS' attorney's fees, costs and interest, all of which PLAINTIFFS, per their Complaint, are seeking to recover in this case, totals more than $7,228.67."

As another court sitting in this district recently explained, in a similar breach of contract case against the same defendant, there are two reasons why Defendant fails to satisfy the amount in controversy requirement. *See Armendariz v. Scottsdale Ins. Co.*, No. 20-cv-20127, slip op. 5-6 (S.D. Fla. Feb. 19, 2020) (Ungaro, J.). First, Defendant wrongly presumes that this Court can consider anticipated post-removal attorney's fees in determining federal jurisdiction at the time of removal. Since jurisdiction is determined at the time of removal and not on hypothetical or speculative post-removal events, the Court can only look to the amount of fees incurred at the time of removal. *See, e.g., Torreyes v. Godiva Chocolatier, Inc.*, --- F. Supp. 3d ----, 2019 WL 6484941, at *4-5 (S.D. Fla. Dec. 3, 2019) (Altman, J.); *Dukes v. Integon Nat'l Ins. Co.*, No. 19-cv-22205, 2019 WL 5543548, at *2 (S.D. Fla. Oct. 28, 2019) (Gayles, J.); *Oliva v. Geovera Specialty Ins. Co.*, No. 19-cv-23625, 2019 WL 4183582, at *2-3 (S.D. Fla. Sept. 4, 2019) (Bloom, J.); *Miller Chiropractic & Med. Ctrs., Inc. v. Progressive Select Ins. Co.*, No. 8:16-cv-3034, 2016 WL 6518782, at *2 (M.D. Fla. Nov. 3, 2016) (Hernandez Covington, J.); *Lott & Friedland, P.A. v. Creative Compounds, LLC*, No. 10-20052-CV, 2010 WL 2044889, at *3-4 (S.D. Fla. Apr. 21,

2010) (Hoeveler, J.); *Rogatinsky v. Metro. Life Ins. Co.*, No. 09-80740-CIV, 2009 WL 3667073, at *3 (S.D. Fla. Oct. 26, 2009) (Marra, J.); *Waltemeyer v. Nw. Mut. Life Ins. Co.*, No. 2:06-cv-597, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007) (Steele, J.). As these cases make clear, Defendant cannot remove this case based on speculative fees that have not yet be incurred.

Second, Defendant fails to provide any evidence showing that the amount of attorney's fees Plaintiffs have incurred thus far enable this case to meet the $75,000 amount in controversy threshold. Like in *Armendariz*, it has not submitted any affidavit, declaration, or other estimate of the amount of fees incurred at the time of removal. *Armendariz*, slip op. at 6. *See also Kinsey v. Husqvarna Constr. Prods. N. Am., Inc.*, No. 8:19-cv-2658, 2019 WL 5718283, at *2 (M.D. Fla. Nov. 5, 2019) (Hernandez Covington, J.) (where removing defendant "merely speculat[ed] and provide[d] no information about the attorney's fees [the plaintiff] actually incurred before removal," the court would "not include this amount in the amount in controversy calculation"). Thus, Defendant has not met its burden of demonstrating, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. Accordingly, based on the reasons above, it is

**ADJUDGED** that the instant case is **REMANDED** to the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida for lack of subject matter jurisdiction. The Clerk of the Court is hereby directed to take all necessary steps and procedures to effect the expeditious remand of the above-styled action. Further it is

**ADJUDGED** that all pending motions are **DENIED** as **MOOT**.

DONE AND ORDERED in Chambers at Miami, Florida, this 24th of February 2020.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Clerk of the Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida